ALEX V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-324-CR

ROY LEE ALEX APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Roy Lee Alex appeals his forty-five year sentence after he pled guilty to driving while intoxicated.  In one point, appellant contends that the trial court abused its discretion in denying his motion to change venue.  We affirm.

II.  Background Facts

On February 4, 2004, appellant was indicted for the offense of driving while intoxicated.  The indictment contained two enhancement paragraphs and three habitual count paragraphs.  On February 10, 2005, the jury found appellant guilty of driving while intoxicated, and after appellant pled true to the enhancement paragraphs, the jury assessed his punishment at eighty-five years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). On February 10, appellant filed a motion for new trial on the basis that the verdict was “against the law and the evidence in th[e] case.”
(footnote: 2)  The trial court granted the motion on February 24, 2005. 

On February 15, 2005, the 
Hood County News 
ran an article about appellant’s conviction and eighty-five year sentence.  The newspaper article stated, “This was [appellant’s] third driving while intoxicated arrest and will be his third return to prison for a felony conviction.”  On March 18, the 
Hood County News 
ran another article about appellant’s first trial, this time focusing on his attorney, Shelton.  The article stated that Shelton had represented appellant, and when she failed to show up for voir dire selection, the trial judge sent his deputy out to bring her to the courthouse.  After the deputy located Shelton, she conducted the voir dire examination, and “before she left the court, [the trial judge] told her not to be late for [appellant’s] hearing Thursday.”  However, after Shelton showed up late for the hearing, the trial judge charged her with contempt of court.  

Two weeks before the hearing on the motion to change venue, the 
Fort Worth Star-Telegram
(footnote: 3) 
ran an article about Shelton being charged with contempt.  The article stated that Shelton was hired to represent appellant at his “jury trial for habitual driving while intoxicated,” and during the trial, Shelton made no opening statement and did not offer any evidence on appellant’s behalf.   

On March 31, 2005, appellant filed a motion to change venue with two supporting affidavits.  In his motion, appellant alleged that there was “so great a prejudice” against him in Hood County that he could not receive a fair trial. As support for his contention, appellant stated that he is African American, and no juror during his first trial was African American. Additionally, appellant stated that the 
Hood County News 
ran two articles about his previous sentence. 

At the April 8, 2005 hearing on appellant’s motion to change venue, the trial judge took judicial notice of the fact that the 
Hood County News 
and the 
Fort Worth Star-Telegram 
are both newspapers of general circulation and are “widely read in [Hood] County.”  After hearing arguments from both sides, the trial court denied the motion to change venue but stated that if it determined  during voir dire examination that there was “some taint” that would prevent appellant from getting a fair trial, then it would, on its own motion, grant the motion to change venue. 

On April 11, 2005, appellant entered a plea of guilty and voir dire commenced for appellant’s second trial on punishment only.  During voir dire, the prosecutor stated, 

I’ll tell you, there’s been something written about this case in the Hood County News.  And I want to ask by a show of hands, raise your hand if you think you have read something about a felony DWI case where the defendant charged was Roy Lee Alex.  Anybody heard anything or read anything about this in the Hood County News?”

The record reflects that none of the venire members indicated that they had read anything about appellant or his previous conviction.  

On April 12, 2005, after hearing the evidence and arguments from both sides on punishment, the jury assessed appellant’s punishment at forty-five years in TDCJ.

III.  Change of Venue

In his sole point, appellant contends that the trial court erred in denying his motion to change venue.

A.  Standard of Review

We review the denial of a motion for change of venue under an abuse of discretion analysis.  
Dewberry v. State
, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000); 
DeBlanc v. State
, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991).  The trial court has the task of acting as fact-finder on the venue question.  
Degarmo v. State
, 922 S.W.2d 256, 262 (Tex. App.སྭHouston [14th Dist.] 1996, pet. ref’d); 
see also Hathorn v. State
, 848 S.W.2d 101, 109 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 932 (1993).  The trial court’s decision will not be disturbed so long as it is within the realm of reasonableness.  
Degarmo
, 922 S.W.2d at 262; 
see also Narvaiz v. State
, 840 S.W.2d 415, 428 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).

B.  Applicable Law

Article 31.03 of the code of criminal procedure addresses the circumstances under which a  defendant’s motion to change venue may be granted.  
Tex. Code Crim. Proc. Ann.
 art. 31.03 (Vernon 1989).  The relevant portion of the statute provides,

(a) A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial.

Id.
 § 31.03(a)1.  

For the defendant to prevail in a motion to change venue, the defendant must demonstrate that publicity about the case is pervasive, prejudicial, and inflammatory.  
Degarmo
, 922 S.W.2d at 261; 
see also DeBlanc
, 799 S.W.2d at 704.  In other words, a defendant must demonstrate an actual, identifiable prejudice attributable to pretrial publicity on the part of the community from which members of the jury will come.  
Degarmo
, 922 S.W.2d at 261.  The mere fact that a defendant received pretrial publicity in the media does not automatically entitle him to a venue change.  
Id.  

C.  Analysis

At the change of venue hearing, appellant and his attorney testified that appellant would not be able to obtain a fair trial in Hood County because the newspaper articles “polluted” the jury panel so that they would assume appellant’s guilt.  Appellant testified that everyone in the community and at the jail knew and talked about his case.  However, appellant also testified that he had been incarcerated since his previous trial and did not know anyone in Hood County; therefore, he had not personally heard anyone in Hood County discussing his case.  Moreover, appellant conceded that the February 15 article in the 
Hood County News
 was the only article that talked about his conviction.
(footnote: 4) Additionally, during voir dire examination, the jury did not indicate that they knew anything about appellant.
(footnote: 5) 

Further, appellant argues that he could not receive a fair trial in Hood County because he is African American.  As support for his contention, appellant cites to the affidavits and his attorney’s testimony that he could not receive a fair trial because he is African American and that during the previous trial, no juror was African American.  However, the State produced  controverting affidavits in which both affiants stated, “African American citizens of Hood County, Texas are not excluded from selection for venires or petit juries.  At least one African American served on a petit jury in a felony criminal case last month, which was March of 2005.”  After reviewing the testimony and exhibits presented at the hearing on the motion to change venue, we hold that the trial court did not abuse its discretion in overruling appellant’s motion.  We overrule appellant’s sole point. 

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
At his first trial appellant was represented by Catherine Shelton. The motion for new trial alleged problems with Shelton’s representation of appellant  during the trial.  

3:
The 
Fort Worth Star-Telegram 
ran a second article about Shelton; however, it was not introduced at the venue hearing.  

4:
However, in his brief, appellant contends that the other articles mentioned his sentence.

5:
When voir dire began, two months had elapsed since the first article in the 
Hood County News 
had been published and a little less than a month had passed since the second article in the 
Hood County News 
had been published.